**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANZHELIKA NIKOLSKAIA,

Petitioner,

v. Case No. 3:26-cv-3162-TJC-SJH

WARDEN, FLAGLER COUNTY JAIL, et al.,

Respondents.

---

# TEMPORARY RESTRAINING ORDER

On November 12, 2026, Petitioner Anzhelika Nikolskaia, an immigration detainee from Russia, initiated this action pro se by filing a Petition for Writ of Habeas Corpus (Doc. 1). Petitioner argues, inter alia, that her detention without an individualized custody determination is contrary to the Immigration and Nationality Act (8 U.S.C. § 1226(a)) and the Fifth Amendment due process clause. (Doc. 1 at 2). She asks the Court to direct Respondents to release her under appropriate conditions of supervision, or alternatively that she be afforded a bond hearing before an immigration judge "at which the Government shall bear the burden of justifying her continued detention by clear and convincing evidence." (Id. at 3). Petitioner also filed a Time-Sensitive Motion for Interim Relief (Doc. 2) seeking to enjoin Respondents from transferring her outside of the Middle District of Florida during the pendency of this case.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). The third and fourth factors merge when the injunction is against the government. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity).

Upon review of the record, the Court finds that Petitioner has shown a substantial likelihood of success on her claim that her mandatory detention without an individualized bond hearing is unlawful. A temporary restraining order would maintain the status quo. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Petitioner's transfer outside

of this Court's jurisdiction could delay the Court's adjudication of this case. If she is ultimately granted the relief she seeks (release from ICE custody), she may incur costs and face difficulties in returning home. Because Petitioner has already been moved three times since she was detained by ICE, and a transfer outside of this District would separate Petitioner from those who support her (Doc. 2 at 7), the Court finds this risk presents irreparable harm. The exigency of Petitioner's potentially unlawful detention and risk of removal from this District necessitates entry of this temporary restraining order. Because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Petitioner provide security under Rule 65(c), Federal Rules of Civil Procedure. See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is hereby

**ORDERED**:

1. Petitioner's Time-Sensitive Motion for Interim Relief (Doc. 2) is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Petitioner from the Middle District of Florida up to and including

**November 30, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Fed. R. Civ. P. Rule 65(c) is waived.

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), the Motion (Doc. 2), and a copy of this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov, OPLAORLFEDLIT@ice.dhs.gov) and the Office of the Attorney General (oag.civil.eserve@myfloridalegal.com); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3. No later than **November 23, 2026**, Respondents shall show cause why the Petition should not be granted. The response must state and explain the statutory authority for Petitioner's detention.

4. Petitioner shall have until **November 30, 2026 at 12:00 p.m. (ET)** to file a reply to Respondents' response.

5. If Petitioner is released from custody, Respondents must file a notice within **3 days**.

6. The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these

requirements. If a party relies on a deposition, the entire transcript must be filed.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of November at 12:00 p.m., 2026.

TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Anzhelika Nikolskaia
A# 215-925-399
Flagler County Jail
1002 Justice Lane
Bunnell, FL 32110

Respondents as directed above